ALLEGIANCE HEALTHCARE, Plaintiff,

v.

LONDON INTERNATIONAL GROUP PLC, Regent Hospital Products, Ltd., Lrc North America, Inc., Does 1 Through 50, Inclusive, Defendants.

No. 99–62–MISC–ORL–C.

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 2, 1999.

---

**10.** See discussion at p. 12, *supra.*

Michael J. Appleton, Marlowe, Appleton & Weatherford, P.A., Winter Park, FL, for plaintiff.

### ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion:

| MOTION: | PLAINTIFF'S SECOND AMENDED APPLICATION FOR ORDER TO SHOW CAUSE [Docket No. 6] |
|---|---|
| FILED: | November 9, 1999 |
| DISPOSITION: | DENIED. This matter is hereby CLOSED. |

On July 1, 1999, plaintiff Allegiance Healthcare moved for an order to show cause why Gordon L. Sussman M.D.—a physician from Toronto, Canada—should not be held in contempt of court for failure to comply with a subpoena that plaintiff represents was issued by the United States District Court for the Middle District of Florida. Docket No. 1. Plaintiff represents that Dr. Sussman's deposition is being sought in connection with a suit previously filed in the United States District Court for the Northern District of Georgia. On July 27, 1999, the Court denied plaintiff's motion at Docket No. 1 for failure to state that plaintiff's counsel complied with Local Rule 3.01(g). Docket No. 2. The Court also noted that the motion was defective in its explanation of why Dr. Sussman's alleged non-compliance with the subpoena is a contempt of this Court.

On August 10, 1999, plaintiff filed an amended motion. Docket No. 3. A certificate of compliance with Local Rule 3.01(g) was separately filed on the same date.

Docket No. 4. By order dated September 9, 1999, the Court denied plaintiff's amended motion. Docket No. 5. In doing so, the Court noted that movant Allegiance Healthcare had failed to: 1.) allege that Christopher Mathews of Oakland, CA, the attorney signing the subpoena, was an attorney "authorized to practice" before the United States District Court for the Northern District of Georgia on February 22, 1999, the date the subpoena was issued, as required by Federal Rule of Civil Procedure 45(a)(3)(B); and 2.) disclose whether Dr. Sussman is a potential defendant in the underlying action.

On November 9, 1999, Allegiance Healthcare filed a second amended motion for an order to show cause. Docket No. 6. The second amended motion fails to address all of the concerns that this Court has previously expressed. The second amended motion does allege that Christopher Mathews was admitted to practice *pro hac vice* before the United States District Court for the Northern District of Georgia as of November 30, 1998. Also, the second amended motion provides further background information regarding the underlying action in which Allegiance Healthcare seeks Dr. Sussman's testimony. However, it fails to explain why this Court should force a foreign doctor to express expert opinions regarding corn starch reactions in connection with this litigation. More significantly, it fails to answer the question that this Court posed in its September 9, 1999 order—whether Dr. Sussman is a potential defendant. Accordingly, it is

**ORDERED** that the second amended motion at Docket No. 6 is **DENIED**.

**FURTHER ORDERED** that this matter is **CLOSED**.